LAND, Justice.
 

 Defendant is indicted for having carnal knowledge of an unmarried female between the ages of 12 and 18. He was tried by a
 
 *533
 
 jury of five, and found “guilty as charged,” and was sentenced to he incarcerated in the state penitentiary at hard labor for a term of not less than one year and not more than 3 years from the date of his incarceration.
 

 After verdict and before sentence, defendant filed a motion in arrest of judgment on the ground: “That the verdict rendered in writing and signed by the foreman of the Jury is null and void and is meaningless being as follows: ‘Guilly as charged with the mercy of Court, J. C. Bernard, Foreman.’ ”
 

 The same ground was assigned in a motion for new trial, and both the motion in arrest and motion for new trial were overruled by the trial judge.
 

 Defendant has appealed from the conviction and sentence to this court, and renews here the same objection to the verdict.
 

 The original indictment with the verdict written thereon has been brought up in the transcript by consent of counsel.
 

 In the per curiam to bill No. 1, reserved by counsel for defendant to the overruling of the motion in arrest of judgment, it is stated by the trial judge:
 

 “The fifth letter in the word guilty, obviously intended for a ‘t,’ may be taken for the letter ‘1’ or for an uncrossed ‘t.’
 

 “The verdict as a whole clearly exhibits the intention of the jury to return a verdict of:
 

 “ ‘Guilty as charged with the mercy of court, J. C. Bernard, Foreman.’
 

 “The Clerk read the verdict to the jury as follows, as the court minutes show:
 

 “
 
 ‘Guilty as charged with mercy of court, J. C. Bernard, Foreman.’
 

 “And the jury was asked by the Clerk if such was their verdict, to which the jurors answered ‘yes.’
 

 “The jury was then polled with respect, to the verdict as thus announced by the Clerk, with the result that each of the jurors declared it to be his verdict.
 

 “See: State v. Hightower, 136 La. 309,
 
 67
 
 So. 13; Marr’s Crim. Juris. (2d Ed.) pages 1072, 1073, 1074.” '
 

 We have examined the original verdict returned by the jury in this case, and we agree with the trial judge that the fifth letter in the word “guilty,” although it may be taken for thé letter “1,” or for an uncrossed “t,” was manifestly intended for a “t”; and that the verdict as a whole clearly shows the intention of the jury to return a verdict of “Guilty as charged with the mercy of the court.”
 

 The intention of the jury being obvious in this case, but imperfectly expressed, the verdict was perfected by the polling of the jury. State v. Hightower; 136 La. 309, 67 So. 13; State v. Blue, 134 La. 561, 64 So. 411.
 

 The sentence and conviction appealed from are affirmed.